1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS ALDREDGE,                    )   Case No. 2:19-cv-01140 JAM-KJN
                                         )
12                  Plaintiff,           )
                                         )   **AMENDED PRETRIAL**
13        v.                             )   **CONFERENCE ORDER**
                                         )
14   STATE FARM MUTUAL AUTOMOBILE        )
     INSURANCE COMPANY, an Illinois      )
15   corporation,                        )
                                         )
16                  Defendant.           )
     _____)

17        Pursuant to court order, a Pretrial Conference was held via

18   video on January 14, 2022 before Judge John Mendez.  Ognian A.

19   Gavrilov, J. Edward Brooks and Hannah B. Fernandez appeared as

20   counsel for plaintiff; Dana B. Denno appeared as counsel for

21   defendant.  After hearing and submission of additional papers by

22   the parties, the Court makes the following findings and orders:

23                          I. <u>JURISDICTION/VENUE</u>

24        Jurisdiction is predicated upon 28 U.S.C. § 1332, and has

25   previously been found to be proper by order of this court, as has

26   venue.  Those orders are confirmed.

27                          II. <u>JURY/NON-JURY</u>

28        Both parties have demanded a jury trial.

                                      1

### III. STATEMENT TO BE READ TO JURY

No later than February 28, 2022 the parties shall E-file a joint statement of the case that may be read to the jury at the beginning of jury selection.

### IV. UNDISPUTED FACTS

1.   On July 11, 2014, Plaintiff was a passenger in a vehicle driven and owned by State Farm's insured Dale Clement.  The vehicle was hit by an underinsured motorist.

2.   Plaintiff was injured as a result of the July 11, 2014 collision.

3.   The applicable State Farm policy 315 8619-C06-55O had underinsured motorist coverage limits of $100,000/$300,000, subject to the terms, conditions, exclusions and limitations therein.

4.   Plaintiff making a liability claim against the at fault driver and exhausting the 21st Century Insurance liability per person policy limit was a condition precedent to obtaining underinsured motorist benefits from State Farm in connection with the July 11, 2014 accident which is the subject of this case.

5.   On August 10, 2016, State Farm claim specialist Gary Nicholl informed Plaintiff that its investigation found that the other driver was at fault.

6.   On August 10, 2016, State Farm claim specialist Gary Nicholl informed Plaintiff that State Farm did "not see any liability on [its] insured."

7.   State Farm was not notified that the underlying liability policy had been exhausted until it received a letter from Plaintiff's counsel dated September 30, 2016.

8.   The September 30, 2016 letter from Plaintiff's attorney

to State Farm did not contain medical and billing records for Plaintiff's pre-loss medical care to the same areas of the body claimed to be injured in the July 11, 2014 accident.

9.   The September 30, 2016 letter from Plaintiff's attorney to State Farm did not contain medical and billing records for all of the treatment Plaintiff contended at the time was related to the July 11, 2014 accident.

10.   Plaintiff, through counsel, demanded arbitration under the policy's underinsured motorist coverage on October 17, 2016.

11.   Plaintiff demanded arbitration before providing State Farm with the materials requested by Gary Nichols of State Farm in his October 17, 2016 letter in order to evaluate the underinsured motorist claim.

12.   Plaintiff demanded arbitration 17 days after first notifying State Farm of the settlement of the liability claim.

13.   Plaintiff requested an extension of time to respond to written discovery propounded by State Farm on November 29, 2016.

14.   Plaintiff requested to move Plaintiff's deposition to a date later than State Farm initially noticed.

15.   State Farm shared copies of subpoenaed records with Plaintiff.

16.   State Farm was not able to obtain copies of Plaintiff's Veterans Administration medical records without signed authorization from Plaintiff.

17.   Plaintiff did not return the authorization to State Farm in order to obtain copies of Plaintiff's Veterans Administration medical records until Plaintiff's counsel sent it to State Farm on August 28, 2017.

18.   The authorization for State Farm to obtain copies of Plaintiff's Veterans Administration medical records that Plaintiff's counsel sent to State Farm on August 28, 2017 had expiration date and social security fields left blank.

19.   Plaintiff did not return to State Farm the signed Veterans Administration authorization form for Plaintiff's medical records that State Farm sent to Plaintiff's counsel on March 13, 2018 until May 3, 2018.

20.   Plaintiff requested to delay the arbitration from its originally scheduled date of August 28, 2018.

21.   Plaintiff retained an accountant to value Plaintiff's wage loss claim on or about December 11, 2018.

22.   Plaintiff never demanded to settle Plaintiff's underinsured motorist claim for anything less than $85,000.

23.   Plaintiff's counsel issued a deposition subpoena on December 12, 2018 for John Andrew Brothers, M.D.

24.   Plaintiff's counsel deposed John Andrew Brothers, M.D. on January 9, 2019.

25.   State Farm did not make an offer to settle Plaintiff's claim.

26.   Pursuant to an Order of the Arbitrator following briefing, State Farm revealed the policy limits of the underlying liability policy to the arbitrator.

27.   Arbitration of Plaintiff's underinsured motorist claim was held on March 14, 2019.

28.   The arbitrator awarded Plaintiff $43,282.09 in past economic damages for medical special damages and wage loss and $41,717.91 for non-economic damages.  The arbitrator offset the

1 || award by \$15,000, the amount Plaintiff received from his third-
2 || party insurance claim.

3      29.   The Arbitrator awarded less than the policy limits to
4 || Plaintiff.

5      30.   Plaintiff rejected State Farm's February 19, 2019 offer
6 || to mediate.

7      31.   State Farm has paid the arbitration award.

8      32.   State Farm paid the arbitration award with a check dated
9 || April 24, 2019.

10      33.   State Farm sent the check in full satisfaction of the
11 || arbitrator's award to Plaintiff's attorney via overnight mail on
12 || April 26, 2019.

13                       V. DISPUTED FACTUAL ISSUES

14      1.   Whether Aldredge timely complied with policy conditions
15 || with respect to the claim.

16      2.   Whether State Farm conducted an adequate and/or fair
17 || investigation of the Plaintiff's claim.

18      3.   Whether State Farm complied with the policy terms with
19 || respect to the claim.

20      4.   Whether State Farm attempted to pay or attempted to avoid
21 || payment under the policy.

22      5.   Whether Defendant's conduct violated California Business
23 || and Professions Code Section 17200.

24      6.   Whether State Farm's conduct was in conscious disregard
25 || of the rights of Plaintiff and was the result of malice and
   || oppression.

26      7.   Whether State Farm employees were authorized to act for
27 || and testify on behalf of State Farm during the course of claims
28 || handling.

8.   Whether State Farm deliberately or with conscious disregard avoided investigating to eliminate procurement of evidence that would support payment.

9.   Whether State Farm placed its interests above those of Plaintiff.

## VI. DISPUTED EVIDENTIARY ISSUES

**A.   Plaintiff**

1.   Plaintiff will be filing a motion *in limine* to preclude Defendant from introducing at trial documents it failed to provide in discovery.

2.   Plaintiff anticipates filing a motion to preclude expert testimony by Defendant's non-retained employee experts entirely or to the extent it addresses information and opinions outside the scope of Plaintiff's claim handling.

To the extent they are permitted to testify in an expert capacity, Plaintiff anticipates filing a motion to preclude cumulative/duplicative testimony by Defendant's non-retained employee experts.

3.   To the extent Defendant attempts to taint Plaintiff's character based on his medical history, Plaintiff may file a motion to preclude such evidence or testimony.

## VII. RELIEF SOUGHT

**A.   Plaintiff's Position**

Plaintiff seeks non-economic damages for past and future emotional distress. Plaintiff seeks restitution under the UCL. Plaintiff seeks costs and attorneys' fees incurred in having to retain counsel to obtain policy benefits.  Plaintiff also seeks punitive damages according to proof at trial.

## VIII. POINTS OF LAW

Trial briefs may be E-filed with the court no later than February 28, 2022. Any points of law not previously argued to the Court should be briefed in the trial briefs.

## IX. ABANDONED ISSUES

The parties are not aware of any abandoned issues in this case.

## X. WITNESSES

Plaintiff anticipates calling the following witnesses:

1.   Richard Silvestri, Attorney
2.   Jordan Houle, Attorney
3.   Thomas Aldredge, Plaintiff
4.   Peggy Woo, Attorney
5.   Jaclyn M. Sueryes, Attorney
6.   Gary Nicholl, State Farm Claim Specialist
7.   Mary Lou Rhyan, State Farm Claim Team Manager
8.   Adrienne Denise James, State Farm Claim Specialist
9.   Adelaide D'Ippolito, State Farm Claim Supervisor
10.  Andrew Stark, State Farm employee
11.  Jeff Sommer, State Farm employee
12.  William Hoddik, M.D.
13.  Jeffrey Yablon, M.D.
14.  Andrew Fox, M.D.
15.  John Andrew Brothers, M.D.
16.  Michael Yee, NP

Defendant anticipates calling the following witnesses:

1.   Plaintiff Thomas D. Aldredge
2.   Gary Nicholl, State Farm Claim Specialist

3.   Adrienne Denise James, State Farm Claim Specialist

4.   Mary Lou Rhyan, State Farm Claim Team Manager

5.   Adelaide D'Ippolito, Claim Supervisor

6.   Ognian Gavrilov, Esq.

7.   Jordan Houle, Esq.

8.   Richard D. Silvestri, Esq.

9.   Peggy L. Woo, Attorney

10.  Jaclyn M. Sueyres, Attorney

11.  Gino Barrica, Attorney

12.  Dr. William K. Hoddick, M.D.

13.  Dr. Jeffrey Yablon, M.D.

Each party may call a witness designated by the other.

A.   No other witnesses will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2) The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B.   Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless:

(1) The witnesses could not reasonably have been discovered prior to Pretrial;

(2) The court and opposing counsel were promptly notified upon discovery of the witnesses;

(3)   If time permitted, counsel proffered the witnesses for deposition;

(4)   If time did not permit, a reasonable summary of the witnesses' testimony was provided opposing counsel.

## XI. EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff's Exhibit List is attached to this Pretrial Conference Order as Exhibit A.

Defendant's Exhibit List is attached to this Pretrial Conference Order as Exhibit B.

Each party may use an exhibit designated by the other.

A.   No other exhibits will be permitted to be introduced unless:

(1)   The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)   The exhibit was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "B," below.

B.   Upon the post-Pretrial discovery of exhibits, the attorneys shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates:

(1)   The exhibits could not reasonably have been discovered prior to Pretrial;

(2)   The court and counsel were promptly informed of their existence;

(3)   Counsel forwarded a copy of the exhibit(s) (if

physically possible) to opposing counsel.  If the exhibit(s) may not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

As to each exhibit, each party is ordered to exchange copies of the exhibit not later than fourteen (14) days before trial. Each party is then granted five (5) days to file and serve objections to any of the exhibits.  In making the objection, the party is to set forth the grounds for the objection.  The parties shall pre-mark their respective exhibits in accord with the Court's Pretrial Order.  Exhibit stickers may be obtained through the Clerk's Office.  An original and one (1) copy of the exhibits shall be presented to Gabriel Michel, Deputy Courtroom Clerk, at 8:30 a.m. on the date set for trial or at such earlier time as may be agreed upon.  Mr. Michel can be contacted at (916) 930-4091 or via e-mail at: gmichel@caed.uscourts.gov.  As to each exhibit which is not objected to, it shall be marked and may be received into evidence on motion and will require no further foundation.  Each exhibit which is objected to will be marked for identification only.

XII. DISCOVERY DOCUMENTS

**A.   Plaintiff**

1.    Defendant's Initial Rule 26(a) Disclosures.

2.    Defendant's Rule 26(a)(2) Expert Disclosures.

3.    Defendant's Responses to Plaintiff's Requests for Admission, Set One.

4.    Defendant's Responses to Plaintiff's Interrogatories, Set One.

5.   Defendant's Responses to Plaintiff's Requests for Production, Set One.

6.   Transcript of Deposition of Thomas Aldredge; Exhibits thereto.

7.   Transcript of Deposition of Ognian Gavrilov; Exhibits thereto.

8.   Transcript of Deposition of Richard Silvestri; Exhibits thereto.

9.   Plaintiff's document production, incl. Bates stamps A00001-56.

10.  Various of Defendant's non-confidential document production including: Claims file (Bates stamped SF000036-79, etc.)

11.  Various of Defendant's internal policies and procedures produced pursuant to the Stipulated Protective Order (Bates stamped ALDRE00000012PROD-14PROD, etc.)

**B.   State Farm**

1.   Plaintiff's Initial Rule 26 Disclosures (A-C).

2.   Plaintiff's Responses to Special Interrogatories (4, 8, 14).

3.   Plaintiff's Responses to Requests for Admissions (1, 2, 6, 10, 12, 14-20, 22-23, 25-27, 32-35, 38-42).

4.   Plaintiff's Responses to Request for Production of Documents (3, 6, -11, 13).

5.   Plaintiff's Supplemental Response to Request for Production of Documents (2, 10, 11).

6.   Transcript of Deposition of Thomas Aldredge [13:9-14; 13:24-14:16; 16:6-18:12; 19:6-13; 21:1-23:3; 24:5-12; 27:10-17; 29:12-23; 29:24-59:25; 60:9-110:15, 111:3-5).

7.   Transcript of Deposition of Ognian Gavrilov  (5:4-6;8, 6:20-7:7; 8:5-13:5; 14:1-16:12; 17:6-107:10; 108:1-124:14).

8.   Transcript of Deposition of Richard Silvestri [6:14-7:6; 13:1-7; 14:12-58:17; 59:23-66:5; 67:10-69:21; 73:3-74:24).

## XIII. FURTHER DISCOVERY OR MOTIONS

Pursuant to the court's Status Conference Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference.  That order is confirmed.  The parties are free to do anything they desire pursuant to informal agreement.  However, any such agreement will not be enforceable in this court.

## XIV. STIPULATIONS

None.

## XV. AMENDMENTS/DISMISSALS

None.

## XVI. FURTHER TRIAL PREPARATION

A.   Counsel are directed to Local Rule 285 regarding the contents of trial briefs.  Such briefs may be E-filed on or before February 28, 2022.

B.   Counsel are further directed to confer and to attempt to agree upon a joint set of jury instructions.  The joint set of instructions shall be lodged via ECF with the court clerk on or before February 28, 2022 and shall be identified as the "Jury Instructions Without Objection."  As to instructions as to which there is dispute the parties shall submit the instruction(s) via ECF as its package of proposed jury instructions also on or before March 4, 2022.  This package of proposed instructions should not include the "Jury Instructions Without Objection" and should be

clearly identified as "Disputed Jury Instructions" on the proposed instructions.

The parties shall e-mail a set of all proposed jury instructions in word format to the Court's Judicial Assistant, Jane Klingelhoets, at: jklingelhoets@caed.uscourts.gov.

C.    It is the duty of counsel to ensure that a hard copy of any deposition which is to be used at trial has been lodged with the Clerk of the Court pursuant to Local Rule 133(j).   The depositions shall be lodged with the court clerk no later than February 28, 2022.   Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

D.    The parties are ordered to E-file with the court and exchange between themselves no later than February 28, 2022, a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

E.    The parties are ordered to E-file with the court and exchange between themselves no later than February 28, 2022, the portions of Answers to Interrogatories and/or Requests for Admission which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

F.    Each party may submit proposed voir dire questions the party would like the court to put to prospective jurors during jury selection.   Proposed voir dire should be submitted via ECF no later than February 28, 2022.

G.   Each party may submit a proposed verdict form that the party would like the Court to use in this case.   Proposed verdict forms should be submitted via ECF no later than February 28, 2022.

H.   In limine motions shall be E-filed separately on or before February 25, 2022.   Opposition briefs shall be E-filed on or before March 2, 2022.   No reply briefs may be filed.

## XVII. SETTLEMENT NEGOTIATIONS

None.

## XVIII. AGREED STATEMENTS

See paragraph III, *supra*.

## XIX. SEPARATE TRIAL OF ISSUES

Defendant's request to bifurcate the trial is denied.

## XX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

The Parties do not request the appointment of any impartial experts.

## XXI. ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 293.

## XXII. MISCELLANEOUS

**A.   State Farm**

Defendant's proposal that the Court use a written jury questionnaire on limited issues, including prior insurance claims is denied.

## XXIII. ESTIMATE OF TRIAL TIME/TRIAL DATE

The parties estimate five (5) to ten (10) court days for trial.   Trial will commence on or about March 7, 2022, at 9:00 a.m.

///

Counsel are to call Gabriel Michel, Deputy Courtroom Clerk, at (916) 930-4091, ten (10) days prior to trial to ascertain the status of the trial date.

IT IS SO ORDERED.

DATED: January 25, 2022

_____
JOHN A. MENDEZ
United States District Judge

**EXHIBIT A**

## EXHIBIT A

### (Joint Pretrial Statement)

### PLAINTIFF THOMAS ALDREDGE'S PROPOSED EXHIBIT LIST[1]

1.  Defendant's Initial Rule 26(a) Disclosures.

2.  Defendant's Rule 26(a)(2) Expert Disclosures.

3.  Defendant's Responses to Plaintiff's Requests for Admission, Set One.

4.  Defendant's Responses to Plaintiff's Interrogatories, Set One.

5.  Defendant's Responses to Plaintiff's Requests for Production, Set One.

6.  Plaintiff's Responses to Defendant's Requests for Admission, Set One.

7.  Transcript of Deposition of Thomas Aldredge; Depo. Exhibits 1-28.

8.  Transcript of Deposition of Ognian Gavrilov; Exhibits thereto (previously marked).

9.  Transcript of Deposition of Richard Silvestri; Exhibits thereto (new Exhibit 29).

10. Defendant's July 7, 2020 document production including: Plaintiff's Claims file and attorney file, e.g. Bates stamped SF000043 – SF000268, SF000269 – SF000282, SF000284 – SF000359, correspondence identified in Claims file, e.g. SF000385-389, SF001088-1091).

11. Pages from Defendant's July 21, 2021 document production produced pursuant to Stipulated Protective Order (Bates stamped ALDRE 12-14; 18; 22-25; 33-57; 61; 81-87; 94-99; 106-131; 135-151; 154-155; 161-166; 173-178; 192-202; 208-217; 224-236; 243-268; 276-281; 288-289; 295-300; 307-311; 317-335; 341-351; 358-368; 387-388; 395-405; 413-419; 424; 443-455; 475-479; 482-491; 498-513; 522-532; 553-563; 569-579; 580-581; 585-586; 596-606; 629-635; 643-648; 655-656; 630-632; 643-648; 668-684; 687-689; 695-714.

---

[1] Plaintiff has not had sufficient time or opportunity to review documents Bates stamped ALDRE00000716-ALDRE00012740, produced to Plaintiff on January 7, 2022 at approximately 4:30 p.m. Plaintiff identifies these documents subject to his reservation of any and all objections to Defendant's introduction of these documents into evidence.

12.  Plaintiff's document production, incl. Bates stamps A00001-56.

13.  Transcript of Deposition of John Andrew Brothers, M.D. in UIM Arbitration.; Exhibits thereto (Exs. A-F).

14.  Transcript of Deposition of Andrew Fox, M.D. in UIM Arbitration.

15.  Dave Clement's State Farm automobile insurance policy documents (Exhibit A to Defendant's Requests for Admission to Plaintiff).

16.  CD of documents submitted to State Farm with regard to September 30, 2016 demand.

17.  Letter dated August 10, 2016 from Gary Nicholl to Plaintiff.

18.  Letter dated November 4, 2016 from Jaclyn Sueyres to Ognian Gavrilov.

19.  Letter dated November 16, 2016 from Jaclyn Sueyres to Ognian Gavrilov.

20.  Letter dated November 29, 2016 from Debbie Ali (Secretary to Jaclyn Sueyres ) to Ognian Gavrilov.

21.  Letter dated December 11, 2016 from Ognian Gavrilov to Jaclyn Sueyres.

22.  Letter dated December 27, 2016 from Cathy Truong (Office Manager at Gavrilov & Brooks) to Jaclyn Sueyres.

23.  Letter dated January 17, 2017 from Cathy Truong (Office Manager at Gavrilov & Brooks) to Jaclyn Sueyres.

24.  Letter dated February 6, 2017 from Jordon Houle to Jaclyn Sueyres.

25.  Letter dated June 26, 2017 from Jordon Houle to Jessica Sueyres.

26.  Letter dated July 6, 2017 from Jordon Houle to Jaclyn Sueyres.

27.  Letter dated August 18, 2017 from Jordon Houle to Ognian Gavrilov.

28.  Letter dated September 18, 2017 from Gino Barrica to Ognian Gavrilov.

29.  Letter dated September 21, 2017 from Jordon Houle to Gino Barrica.

30.  Letter dated October 9, 2017  from Gino Barrica to Jordan Houle.

31.  Letter dated October 17, 2017 from Alma Martinez  to Jordan Houle.

32.  Letter dated November 8, 2017 from Gino Barrica to Ognian Gavrilov.

33.  Letter dated November 22, 2017 from Gino Barrica to Ognian Gavrilov.

34. Letter dated January 11, 2018 from Jaclyn Sueyres to Ognian Gavrilov (received via US mail on 01/16/2018).

35. Letter dated January 11, 2018 from Cathy Truong (Office Manager at Gavrilov & Brooks) to Gino Barrica.

36. Letter dated February 20, 2018 from Alanna Arroyo (Paralegal to Jaclyn Sueyres) to Ognian Gavrilov.

37. Letter dated May 22, 2018 from Jaclyn Sueyres to Richard Silvestri.

38. Letter dated July 10, 2018 from Richard Silvestri to Jaclyn Sueyres.

39. Letter dated August 23, 2018 from Ksenia Oleynik (Legal assistant for Ognian Gavrilov) to Jaclyn Sueyres.

40. Letter dated October 25, 2018 from Alanna Arroyo (Paralegal to Jaclyn Sueyres) to Ognian Gavrilov.

41. Letter dated November 1, 2018 from Richard Silvestri to Jaclyn Sueyres.

42. Letter dated November 20, 2018 from Alanna Arroyo (Paralegal to Jaclyn Sueyres) to Richard Silvestri.

43. Letter dated November 20, 2018 from Alanna Arroyo (Paralegal to Jaclyn Sueyres) to Ognian Gavrilov.

44. Letter dated December 7, 2018 from Peggy Woo to Richard Silvestri.

45. Letter dated December 12, 2018 from Richard Silvestri to Peggy Woo.

46. March 24, 2019 Arbitration Decision and Award.

47. Plaintiff's Complaint and Exhibits thereto.

48. Defendant's January 7, 2022 document production produced pursuant to Stipulated Protective Order (Bates stamped ALDRE00000716PROD-12740PROD).[2]

---

[2] See footnote 1.

**EXHIBIT B**

### Exhibit "B" State Farm's Pre-trial Statement-Exhibit List

A.      The policy at issue in this case issued by State Farm to Thomas D. Aldredge, policy number 315 8619-C06-55O, in force and effect on July 11, 2014, including the policy form, all endorsements, declaration pages, definitions, terms and conditions.

B.      State Farm's Claim file for Claim no. 55-4Q98-564.

C.      Attorney file from house counsel, Tiza Serrano Thompson & Associates, for Claim no. 55-4Q98-564.

D.      March 24, 2019 Arbitration Award

In addition, Defendant identifies exhibits independently marked in depositions of this matter:

E.      July 17, 2014 letter from State Farm to Plaintiff (Depo Ex. 1)

F.      August 28, 2015 withdrawal letter from Curtis (Depo Ex. 2)

G.      August 1, 2016 letter of representation from Gavrilov 7 Brooks to State Farm (Depo Ex. 3, Ex. 2 to Complaint)

H.      August 10, 2016 letter from State Farm to Gavrilov 7 Brooks (Depo Ex. 4)

I.      Settlement Agreement for underlying action (Depo Ex. 5)

J.      July 13, 2016 demand from Gavrilov & Brooks to 21st Century (Depo Ex. 6)

K.      September 30, 2016 demand from Gavrilov & Brooks to State Farm (Depo Ex. 7)

L.      October 17, 2016 response from State Farm to Gavrilov & Brooks (Depo Ex. 8, Ex. 4 to Complaint)

M.      October 17, 2016 Demand for Arbitration (Depo Ex. 9)

N.      November 4, 2016 letter from State Farm to Gavrilov & Brooks (Depo Ex. 10)

O.      November 11, 2016 letter to State Farm from Gavrilov & Brooks (Depo Ex. 11)

P.      Claimants Responses to Form Interrogatories in the UIM Arbitration (Depo Ex. 12)

Q.      February 2017 discovery correction and verification (Depo Ex. 13)

R.      January 13, 2017 Request for Authorization to the VA (Depo Ex. 14)

S.      February 3, 2017 follow up on authorization to the VA (Depo Ex. 15)

T.      June 29, 2017 letter to Gavrilov & Brooks re: VA Auth) (Depo Ex. 16)

U.      August 28, 2017 letter to State Farm's counsel re: VA Auth (Depo Ex. 17)

V.      January 11, 2018 VA Auth with same day expiration (Depo Ex. 18)

W.      March 13, 2018 Third Attempt at VA Auth (Depo Ex. 19)

X.      May 3, 2018 letter from Gavrilov & Brooks returning VA Auth (Depo Ex. 20)

Y.      Payment breakdown (Depo Ex. 21)

Z.      Plaintiff Aldredge's Responses to Special Interrogatories propounded by State Farm (Depo Ex. 22)

AA.      Verification to discovery (Depo Ex. 23)

BB.      Wage loss summary (Depo Ex. 24)

CC.      Curtis Lien (Depo Ex. 25)

DD.      July 19, 2016 21st Century policy limit offer (Depo Ex. 26)

EE.      Arbitration cost invoices (Depo Ex. 27)

FF.      Plaintiff Thomas Aldredge's Supplemental and Rebuttal Designation of Expert Witness Testimony

Defendant also identifies other documents from the litigation including:

GG.      Plaintiff's Responses to Requests for Admissions

HH.      Plaintiff's Responses to Request for Production of Documents

II.      Plaintiff's Supplemental Responses to Requests for Production

JJ.  Transcript of Deposition of Plaintiff Thomas Aldredge

KK.  Transcript of Deposition of Ognian Gavrilov

LL.  Transcript of Deposition of Richard Silvestri

Miscellaneous additional exhibits:

MM.  May 26, 2016 Complaint, Thomas Aldredge v. Nikolay Dushkov, Sacramento County Superior Court

NN.  State Farm's document production (Aldre 1-12,740) of claims handling materials